ORDER (Remand)
TODD R. MATHA, Chief Judge.
INTRODUCTION
Pursuant to appellate directive, the Court hereby remands the instant action to the Ho-Chunk Nation Gaming Commission (hereinafter Commission) to reconsider its decision consistent with the ruling of the Ho-Chunk Nation Supreme Court (hereinafter Supreme Court). The Court shall offer some comments in this regard. The Court shall also confirm the statutory timeframe for conducting the agency remand.
PROCEDURAL HISTORY
The Supreme Court remanded the present case with specific instructions to the Trial Court. Robert Gerhartz v. HCN Gaming Comm’n, SU 06-06 (HCN S.Ct., July 3, 2007) at 9-10. The Supreme Court did not direct this Court to schedule a hearing on remand. Consequently, the Court effects the agency remand by virtue of this opinion.
*209 APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VII-Judieiary
Sec. 6. Powers of the Tribal Court
(a)The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all wits including attachment and mandamus.
AMENDED AND RESTATED GAMING ORDINANCE OF THE HO-CHUNK NATION
Ch. 11-Powers & Duties of the Ho-Chunk Nation Trial Court
Sec. 1101. Appeal of Commission Decision to the Tribal Court.
(a) Appellants. A License Applicant may appeal the denial of a License or conditions placed upon a License as provided in this Section. A party aggrieved by decision of the Commission pursuant to an enforcement proceeding may appeal the decision as provided in this Section.
(c) Procedures. Appeals to the tribal court shall be brought as provided by tribal law, except that the tribal court shall apply the same standard of review set out in subsec. (v) below.
(v) Decisions. Decisions of the trial court shall be based upon a review of the record of the Commission’s proceedings. Oral arguments, if any, and any written statements submitted, [sic ] The trial court shall not exercise de novo review of Commission decisions and shall give proper deference to the administrative expertise of the Commission and to determinations of credibility. The tribal court shall not set aside or modify any decision unless it finds that the decision was arbitrary and capricious, unsupported by substantial evidence or contrary to law. The trial court shall issue a written decision on all appeals.
(vii) Relief afforded to appellants. The Trial Court of the Ho-Chunk Nation is limited to the following relief for actions under this Ordinance:
(a) In the case of employee or vendor licensing determinations, the Trial Court is limited to remanding determinations to the Gaming Commissions for reconsideration consistent with its findings should it find that the Gaming Commission acted in an arbitrary and capricious manner or its decision was unsupported by substantial evidence or contrary to law.
(b) Should the trial Court remand a determination of the Gaming Commission for reconsideration, the Commission, upon reconsideration, may award up to six (6) months in lost wages and health care costs, if any (minus any compensation, including unemployment benefits, that an employee may have received during a suspension). In the case of a vendor, the Commission may refund of a license fee remitted to the Commission.
(c) Any reconsideration ordered by the Court under this section must occur within thirty (30) days of the Court’s order. During that time, the Trial Court retains jurisdiction of the case.
Ch. 12 Licensing Procedures
Sec. 1203. Application for License.
(b) No License shall be issued to any Applicant who has been determined by Legislature or the Commission to be a person who prior activities, criminal record, if any, or reputation, habits and association pose a threat to the public interest or to the effective regulation and control of *210 gaming, or create or enhance the dangers of unsuitable, unfair-, or illegal practices, methods, or activities in the operation of gaming or the carrying on the business and financial arrangement incidental thereto.
Sec. 1212. Cancellation or Suspension. The Licensee and his or her or its employee shall be legally responsible for any violation of the Ordinance or the License. Any License issued hereunder may be canceled by the Commission for the breach of any of the provision of the License, this Ordinance, or any rules promulgated pursuant to this Ordinance, as provided in Chapter 18 and as follows:
(b) Suspensions. A license may be summarily suspended for up to thirty (30) days without prior hearing for good cause by a majority vote of the Commission; provided however, that licensee shall be suspended during such period as required under the IGRA if the cancellation hearing arises as a result of notice from the NIGC under regulations.
Sec. 1801. Enforcement. Any person who:
(e) Fails to observe the Commission’s Rules of Procedure and Practice, License conditions imposed by the Commission or Legislature, or decision of the Commission rendered pursuant to this Ordinance. Resolutions [sic ] of the Legislature, or tribal court decision shall be subject to civil penalties as provided in sec. 1802.
Sec. 1803. Investigations.
(b) The Department of Justice may investigate without limitation the background and suitability of any Applicant or Licensee to ensure that the Applicant’s or Licensee’s /prior activities or reputation, habits and associations do not pose a threat to the public interest or the effective regulation of gaming, or create or enhance the danger or unsuitable unfair or illegal practices and methods and activities in the conduct of gaming.
EMPLOYMENT RELATIONS ACT, <» HCC § 5
Ch. 1-General Provisions
Subsec. 4. Responsibilities.
b. Departments and Units.
(1) Each department, division, or unit of the Nation with the approval and consultation of the Executive Director of the Department of Personnel may develop, implement, and revise as necessary internal procedures and operating rules pertaining to the unique operational requirements of the work unit for efficient and effective performance. Advance notice of internal unit procedures and rules shall be provided to employees and must be posted in public places to serve as notice to all employees.
HO-CHUNK NATION CLASS III INTERNAL CONTROL MANUAL
Sec. 100.01. Gaming Operation’s Organization.
I.Security Department. The casino shall maintain a Security Department supervised by a director who shall cooperate with, yet perform independently of all other departments and report directly to the General Manager or Designee. The Security Department shall be responsible for the following:
1. Physical safety of patrons and employees in the establishment.
2. Physical safeguarding of the Nation’s assets.
3. Protection of the patron’s and the establishment’s property from illegal activities.
4. All incidents to which security has knowledge shall be documented.
*211 DECISION
The Supreme Court concurs with the Trial Court assessment that the Gaming Commission relied upon an incorrect statutory provision when meting out discipline in the instant case. Decision, SU 06-06 at 3-5. The Gaming Commission determined “that Mr. Gerhartz did not demonstrate his suitability (Gaming Ordinance, Sec. 1203(b)) necessary to resolve th[e] situation in an acceptable manner.” Decision & Order, SC05-014 (HCN Gaming Comm’n, Oct. 21, 2005) at 6. However, Section 1203(b) applies in licensing determinations, whereas Section 1803(b) controls subsequent licensing investigations, leading the Supreme Court to conclude that “the Gaming Commission applied the wrong provision of the Ordinance, so their decision is contrary to law.” Decision at 4 (citing Gaming Ordinance, §§ 1101(c)(v)). In this key respect, the petitioner prevailed on his claim that “the representation that a finding of a violation of 1203(b) is supported by the evidence is in error. 1203 has to do with application for a license and what is required for a license to be issued. Mr. Gerhartz had already received his license and this section is simply inapplicable.” Appellant’s Br., CV 05-104 (Apr. 27, 2006) at 5.
Even so, the Gaming Commission articulated a second basis for the petitioner’s suspension, namely a violation of the HCN Class III Internal Control Manual (hereinafter ICM). Specifically, “Mr. Gerhartz failed to ensure an individual’s physical safety while on the Nations [sic ] lands.” Decision & Order at 6 (citing ICM, § 100.01(I)(1)). The Trial Court accepted this finding when deferentially viewing the agency assessment. Order (Final J.), CV 05-104 (HCN Tr. Ct., Sept. 13, 2006) at 15-16. The Court omitted any discussion of the standards associated with administrative review since it concluded that the Gaming Ordinance did not delegate authority to discipline an employee for an alleged ICM violation under the auspices urged by the Gaming Commission.[1] Id. at 17; see also Willard Lonetree v. Larry Garvin, in his official capacity as Executive Dir. of HCN Heritage Pres., CV 06-74 (HCN Tr. Ct., Mar. 9, 2007) at 11-14, appeal docketed, SU 07-04 (HCN S.Ct.) (explaining standards of review in relation to agency action).
The Gaming Commission argued that the Legislature adopted the ICM as contemplated within Chapters 5 and 8 of the Gaming Ordinance. Respondent’s Resp. Br., CV 05-104 (HCN Tr. Ct., May 30, 2006) at 6. The Gaming Commission made no argument that the ICM represented “rules promulgated pursuant to th[e Gaming] Ordinance, as provided in Chapter 18.” Gaming Ordinance, § 1212. As the Court surmised, the only rules referenced in Chapter 18 are the Commission ’s Rules of Procedure and, Practice. Order (Final J.) at 17 (citing Gaming Ordinance, § 1801(e)). Therefore, the Court concluded that “the respondent failed to provide this Court with any evidence of a violation *212 that it could punish by the suspension of a gaming license.” Id.
The Supreme Court characterized this conclusion as only relating to the Trial Court’s passing reference to the Security Department Procedural Manual, which the Court adequately counters in footnote one. Decision at 5. Nonetheless, the Supreme Court acknowledges that the Gaming Commission derives its authority to suspend from specific statutory provisions, ie., “the Court adopts the more reasonable interpretation ... that Section 1212 and, therefore, Section 1801 apply [sic ] to both suspensions and cancellations.” Id. at 7. Consequently, the Supreme Court must attempt to deduce, as did the Trial Court, whether the ICM can constitute “rales promulgated pursuant to th[e Gaming] Ordinance, as provided in Chapter 18.” Gaming Ordinance, § 1212.
Unlike the Trial Court, however, the Supreme Court answers this question in the affirmative by employing the following-analytical steps.
The Appellants [sic ] ... pointt ] out the fact that the Legislature originally approved [the ICM] in December of 1994 and has been repeatedly amended and modified since then. The introduction of the ICM states that the ICM is a document that integrates controls that the Gaming Commission must follow into one operational system. Therefore, the ICM falls within the category of “rales promulgated in 3 pursuance [sic ] of this Ordinance.”
Decision at 8 (internal citations omitted).[2] The Supreme Court earlier quoted the relevant phrase in its entirety, adding “as provided in Chapter 18,” and even opining that “[t]he words ‘as provided’ suggest that the Legislature believed that the ‘rules promulgated pursuant to this Ordinance’ were currently stated or implied within Chapter 18.” Id. at 7 (quoting Gaming Ordinance, § 1212). One would expect the Supreme Court to scrutinize Chapter 18 for language impliedly referring to the ICM, but no such attempt occurs in this instance. Instead, the Supreme Court focuses on contemporaneous dates of adoption and other inferences.[3]
Ultimately, the above comments only represent points of concern with the appellate decision. The Supreme Court directs this Court “to remand [the case] to the Gaming Commission to evaluate [petitioner’s] conduct in accordance with [its] decision.” Id. at 10. In doing so, the Supreme Court seemingly abandons the possibility of the Gaming Commission proceeding under the ICM or, at a minimum, fails to mention this available avenue.[4] The Supreme Court rather desires that the Gaming Commission receive a second *213 chance to apply the correct law.[5] The Court, therefore, directs the Gaming Commission to complete its reconsideration upon remand within thirty (30) days of the issuance of this judgment.[6] Gaming Ordinance, § 1101(c)(vii)(c).

. As an aside, the Court noted that the tangentially related Security Department Procedural Manual probably lacked formal approval as required by prevailing law. Order (Final J.) at 17; see also Employment Relations Act, 6 HCC § 5.4b(1). The Court dedicated a single sentence of its opinion to make this point, and did not, as the Supreme Court ascribed, "errf ] by judging the validity of the suspension based on the validity of the Security Department Procedural Manual." Decision at 6. Instead, the Court merely wrote; “[aliso, the respondent presented 3 no evidence that the HCN Legislature or respondent approved the Security Department Procedural Manual.” Order (Final J.) at 17. This sentence clearly does not encapsulate any dispositive finding in relation to the two (2) grounds for the suspension identified above.

. The ICM legislative history indicates an initial approval of March 31, 1994. ICM at 278.

. The Court reiterates that the respondent presented no such argument at the trial level, and that the Supreme Court characterized the respondent's appellate argument as “unclear about the relationship between Section 1801(e) and Section 1212.” Decision at 5. The Supreme Court also criticizes the ambiguity present in the legislation, but refrains from employing its earlier announced rule of judicial restraint, i.e., "it is not the Court's job to essentially rewrite legislation by interpreting the law so broadly as to change its meaning.” Id. at 5.

.The Court can only surmise that the Supreme Court omitted this reference since it reserved as a final comment a reminder to "the Gaming Commission that their primar)' function is to ensure the integrity in the operation of gaming.” Decision at 10. The basis for suspension under the ICM more closely resembles a personnel matter. Still, simply-upholding the Gaming Commission's decision on this basis would have obviated the need to reexamine the case under Section 1803(b).

. The Supreme Court questions why the Trial Court "d[id] not follow the precedent set in Hiller.” Decision at 9. First, the Hiller opinion holds no precedential value. The Supreme Court previously decided that "[w]hile the trial court should try to remain consistent in its decisions, only decisions by this court are limitations on the Trial Court.” Jacob LoneTree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 3-4. Secondly, the Gaming Commission in Hitler acknowledged its citation error and attempted to rectify the same within its responsive pleading, Kerry A. Hiller v. Ho-Chunk Gaming Comm’n, CV 99-72, 2000 WL 35716895, 2 Am. Tribal Law 276, 286-87 (HCN Tr. Ct., July 5, 2000). The Supreme Court remarked that “the significance of this distinction is never explained.” Decision at 9. The significance rests in the Court’s acceptance of the Commission’s insistence that the citation to Section 1203(b) represented a technical error. Hiller, CV 99-72, 2000 WL 35716895, 2 Am. Tribal Law at 287-88. The Court was not inclined to rule in favor of the plaintiff in light of an admitted agency oversight. In the instant case, the Gaming Commission did not even abandon its indefensible position on appeal.

. The Court hopes that the appellate decision does not signal a different approach in relation to administrative review. The Supreme Court entitled the relevant: portion of its judgment, The Trial Court Should Have Remanded the Case to the Gaming Commission without Specific Instructions in Regards to Remedies. Decision at 9. The Trial Court has a longstanding practice of requiring the Gaming Commission to provide specific relief upon remand. See, e.g., Ralph H. Babcock et al. v. HCN Gaming Comm’n, CV 01-87, -96 (HCN Tr. Ct., Jan. 14, 2002); Francis P. Rave, Sr. v. HCN Gaming Comm’n, CV 96-33, 1997 WL 34665070, 1 Am. Tribal Law 210 (HCN Tr. Ct., Oct. 9, 1997). A grievant would have little to no incentive to appeal an administrative decision if the Judiciary adopted a practice of remanding to the agency with singular direction as to how to properly perform its function. A petitioning party would certainly think twice before committing the time and resources necessary for waging an appeal that could only yield a second opportunity for the agency.